

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-14-2008

# Kuci v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2272

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kuci v. Atty Gen USA" (2008). *2008 Decisions.* Paper 235.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/235

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IMG-193                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-2272 & 07-3814

GUARA KUCI
MARIGLEN SPAHIU,
                                              Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A95-101-441 & A56-134-599)
Immigration Judge:  Honorable Rosalind K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2008

Before:  SLOVITER, STAPLETON AND COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 14, 2008)

OPINION

PER CURIAM

       Guara Kuci and Mariglen Spahiu, wife and husband, are natives and citizens of

Albania who entered the United States in 2003.  They were charged as being removable

based on their entry into this country without being admitted or paroled. See Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)].[1] The petitioners conceded removability and applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT").[2] In support of their claims, Kuci testified that she regularly received phone calls encouraging her to go to Italy to have "a greater and brighter future." Then, in February 2003, individuals known for trafficking in women twice attempted to kidnap Kuci. As the would-be kidnappers fled after the second attempt, they threatened Kuci, saying "this is not the end of it." Kuci and her family reported both incidents to the police. Continuing to fear for her safety, Kuci remained in her home until May 2003, when she departed for the United States.

The Immigration Judge ("IJ") denied the petitioners' applications for asylum, finding that Kuci's experiences did not rise to the level of persecution because the kidnapping attempts were unsuccessful. The IJ also concluded that Kuci did not face future persecution because her marriage and age took her outside the targeted social group.

In their appeal to the Board of Immigration Appeals ("BIA"), the petitioners defined the particular social group to which Kuci belongs as "young women who have

---

[1] Spahui was also charged with assisting an alien in illegally entering the United States. See INA § 212(a)(6)(E)(i) [8 U.S.C. § 1182(a)(6)(E)(i)].

[2] Spahiu's claims are derivative of his wife's.

been approached or threatened with kidnapping, forced [prostitution] or killing by human traffickers that the government of Albania either cannot or will not control." The BIA dismissed the appeal. The Board accepted Kuci's testimony as credible and concluded that her experiences did rise to the level of persecution. But, relying in part on the standard for social group membership set forth in In re A-M-E, 24 I. & N. Dec. 69 (BIA 2007), the BIA concluded that the petitioners' particular social group definition was too broad because it was based "solely on . . . the person's gender and contact, no matter how minimal and apparently, without regard to any particular age, with human traffickers."

In April 2007, the petitioners filed in this Court a petition for review of the BIA's decision. (C.A. No. 07-2272). The petitioners also filed a motion for reconsideration with the BIA, alleging that because In re A-M-E was decided while their appeal was pending before the Board, the standard set forth in that case was inappropriately applied to them. The BIA rejected this retroactivity argument, reasoning that In re A-M-E did not change the definition of "particular social group" in any way relevant to the petitioners' case. The petitioners filed another petition for review. (C.A. No. 07-3814). The cases have been consolidated for all purposes.

We have jurisdiction over the petitions pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. Because the BIA rendered its own decision on the merits, we review only the BIA's, not the IJ's, decision.[3] See Gao v. Ashcroft, 299 F.3d 266, 271 (3d Cir. 2002).

---

[3] We review the denial of reconsideration for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). The petitioners, however, have not raised any challenge to the denial of their motion for reconsideration.

An applicant for asylum has the burden of establishing that he is unable or unwilling to return to his home country "because of [past] persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion[.]"  INA § 101(a)(42)(A) [8 U.S.C. § 1101(a)(42)(A)]; see 8 C.F.R. § 208.13(a); Abdille v. Ashcroft, 242 F.3d 477, 482 (3d Cir. 2001).  Significantly, the BIA stated that it "accept[ed] Ms. Kuci's testimony as credible" and that the attempted kidnappings were "sufficiently 'menacing and concrete' to rise to the level of persecution under the Act."  Therefore, the issue before us requires us to focus on whether an applicant's proffered "particular social group" is cognizable under INA § 101(a)(42)(A), a question of law subject to de novo review.  See Escobar v. Gonzales, 417 F.3d 363, 365 (3d Cir. 2005) (citing Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004)).

At various points in their brief, the petitioners touch on the "particular social group" definition.  For example, they state that the "lead petitioner's testimony and her asylum applications show evidence of the persecution and the discrimination she personally endured, only because she was a young Albanian woman who was targeted by . . . individuals that the government could not and was not able [to] control."  Later, the petitioners note that the BIA's rejection of their "particular social group" definition "was challenged . . . in [the] Motion to Reconsider . . . which stressed [that] . . . young women in general are a particular group that has characteristics which are indisputable and not subject to change."  Finally, the petitioners assert that the BIA's description of Kuci's

4

definition as "simply too broad" is "obviously erroneous, especially when you consider the fact that women in Albania are being kidnapped and threatened to be sold as prostitutes to this day, no matter their age." But the petitioners have failed to elaborate on these statements, none of which explains how the BIA erred in its legal analysis. See Lunderstadt v. Colafella, 885 F.2d 66, 78 (3d Cir. 1989) (recognizing that conclusory statements do not preserve an issue for appeal).

The government recognizes that this court has held "that future persecution based upon membership in a particular social group may be shown where the group is narrow and distinctive and motivated by treatment suffered in the past." Government Br. at 27 n.5, citing Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330 (3d Cir. 2008); Lukwago v. Ashcroft, 329 F.3d 157, 171-72 (3d Cir. 2003). Nevertheless, the government argues that the social group proffered by petitioners in this case is both too broad and too generalized. In support of its rejection of the proposed "social group" definition, the BIA relied on our decision in Lukwago v. Ashcroft, 329 F.3d 157, 172 (3d Cir. 2003) and our holding "that the 'particular social group' must exist independently of the persecution suffered by the applicant for asylum." App. at 5. The proposed social group does not satisfy this criteria.

For the foregoing reasons, we will deny the petition for review.[4]

---

[4] The petitioners' motion for leave to expand the record is denied. See INA 242(b)(4)(A) [8 U.S.C. § 1252(b)(4)(A)]; Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 340 (3d Cir. 2008) ("Our review is confined solely to the administrative record").

5